DLD-231                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1275
_____

IN RE: NICHOLAS QUEEN,
                                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 04-cv-00516)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 24, 2010

Before: FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:June 30, 2010)

_____

OPINION
_____

PER CURIAM

Nicholas Queen filed this petition for a writ of mandamus, claiming that the United

States District Court for the Middle District of Pennsylvania wrongfully continues to

collect a total of $2155 in past due filing fees from his prison trust account fund. He

claims that even though he presented the District Court with full payment in the amount

of $2500,[1] the District Court has not discharged the debt. In April 2009, Queen filed a "motion for return of property," requesting the return of the money paid, which the District Court denied.[2] Thus, Queen contends, he has no adequate available remedy or other means to obtain relief. He asserts that he has an undisputed right to mandamus, and he seeks an order compelling the District Court to return the $2500 he paid.

Mandamus is an appropriate remedy in extraordinary circumstances only. Kerr v. U. S. Dist. Court for N. Dist. of Cal., 426 U.S. 394, 402 (1976); Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). A petitioner must ordinarily have no other means to obtain the desired relief, and he must show a "clear and indisputable" right to issuance of the writ. In re Sch. Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992).

We conclude that mandamus relief is not appropriate because Queen has failed to show a "clear and indisputable" right to issuance of the writ. His claim that he tendered payment of $2500 by submitting a "notice of tender" is meritless. His filing fee debt is still outstanding. Moreover, Queen has failed to show that he has no other means to obtain relief. Westinghouse Elec. Corp. v. Republic of Phil., 951 F.2d 1414, 1422 (3d Cir. 1991) ("[M]andamus must not be used as a mere substitute for appeal."). Here,

---

[1] Queen filed a "Notice of tender/notice of discharge of debt and discharge of obligation under the PLRA," asserting that the document for $2500 was legal tender under the Uniform Commercial Code.

[2] Queen alleges that it was Judge Conaboy, the named defendant in his motion for return of property, who denied the motion. He complains that Judge Conaboy should have disqualified himself under 28 U.S.C. § 455(a). The record indicates, however, that Judge William Nealon considered the motion and denied it.

2

Queen's motion for return of property sought the same relief in the District Court that he requests in his mandamus petition. The District Court denied his motion, and Queen appealed. See Queen v. Conaboy, C.A. No. 09-2418. By order dated August 26, 2009, the Clerk of the Court dismissed the appeal because Queen failed to pay the requisite filing fee as directed.

Accordingly, we will deny Queen's petition for mandamus